IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE, | CV 15-95-M-DLC-JCL |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on October 28, 2016, recommending denial of Petitioner Michael P. Dunsmore's ("Dunsmore") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On November 3, 2016, Dunsmore moved for a 30 day extension from the Court's receipt of his motion to file objections to the Findings and Recommendations. The Court granted Dunsmore's motion and allowed until December 5, 2016, to mail his objections. (Doc. 34.) As of the date of this Order, no objections have been received by the Court. Because Dunsmore failed to timely object to the Findings and Recommendation, he has waived his right to de novo review of the record. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party

-1-

objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). The parties are familiar with the facts of this case and they will not be repeated here.

Having reviewed the Findings and Recommendation, the Court finds that Judge Lynch did not clearly err in recommending that Dunsmore's petition be denied. The Court agrees that: (1) Dunsmore's due process rights were not violated when Judge Allison did not recuse himself; (2) Dunsmore's constitutional rights were not violated when he was prevented from speaking at his sentencing; (3) Dunsmore's claim of ineffective assistance of trial counsel must fail because, even if he could show that his counsel's performance was deficient, he could not show that he was prejudiced by it; (4) Dunsmore's claim of ineffective assistance of appellate counsel is frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; (5) Dunsmore's claim of unlawful imprisonment and involuntary servitude is now moot because he is no longer in custody; (6) Dunsmore's claim that Montana's imposition of conditions on sexual offenders is unconstitutional fails to allege a

claim under 22 U.S.C. § 2254(a); (7) Dunsmore's claim that his Fifth Amendment rights were violated when he was not indicted by a Grand Jury is frivolous because the Fifth Amendment has not been incorporated to the states; (8) Dunsmore's claim that he was coerced into making a plea agreement is not supported by the facts of this case; (9) Dunsmore's "double jeopardy" argument must fail because it does not raise a constitutional claim; (10) Dunsmore's claim that he suffered discrimination when a presentence investigation was ordered for the state and not the defense must fail because it does not raise a constitutional claim; (11) Dunsmore's second claim of ineffective assistance of trial counsel relating to his medication must fail because it does not establish a federal constitutional violation; (12) Dunsmore's claim of "structural error" fails because it does not raise a constitutional claim or has been addressed in previous claims; (13) Dunsmore's claim that the Montana Supreme Court violated his constitutional rights by directing him to file a direct appeal does not raise a federal constitutional violation; (14) Dunsmore's claim that the State of Montana violated its own prohibition on ex-post facto law affecting contracts when it allegedly amended his plea agreement fails to raise a federal constitutional violation; (15) Dunsmore's claim that he was denied access to the courts is not supported by the record; and (16) Dunsmore's claim that the Montana Supreme Court violated his constitutional rights by declining to accept future filings fails to raise a federal

constitutional violation because the right of access may be reasonably restricted for legitimate state interests.

There being no clear error in Judge Lynch's Findings and Recommendations, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 32) are ADOPTED IN FULL.

(2) Dunsmore's amended petition (Doc. 5) is DENIED for lack of merit.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED.

Dated this 20th day of December, 2016.

Dana L. Christensen, Chief Judge
United States District Court